

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-3268
Re: Whether an appropriation may
be made to pay claim for
share-crop rental on 209
acres farmed by the Texas
Prison System in 1934.

We have given careful consideration to the above
question submitted to us for our opinion. The facts upon
which the question is based are, so far as we have been
able to ascertain, the following:

Sometime prior to 1934 the proper authorities
of the Texas Prison System entered into an oral agreement
with Mr. Archie G. Maine, as Administrator of the John S.
Sutton Estate, whereby the Prison System leased from the
Estate 209 acres of land in Richardson Survey, Brazoria County,
adjoining the Ramsey State Farm, upon an agreed rental of one-
fifth of the gross proceeds of cotton produced from said land.
Sometime subsequent to the year 1934 written lease contracts
were entered into between the Prison System and the Estate
for rental of this property, on the same basis, in following
years. In 1938 the first claim for past rentals seems to
have been made. The 1934 rental, based upon one-fifth of the
proceeds of cotton produced on the land was $909.97.

The following information, having been furnished
to us by the Comptroller of Public Accounts, pursuant to our
request, we quote from his letter to us of April 16, 1941:

"The rental for 1935, 1936 and 1937 on the
above land was paid on vouchers submitted by the
Prison System in August, 1938, and drawn on the
General Maintenance and Miscellaneous appropriations
set up for the fiscal years 1936, 1937 and 1938
respectively. The warrants were issued in Septem-
ber, 1938, to Archie G. Maine, Administrator, John

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

S. Sutton estate, in the sums of $441.03, $517.32 and $969.45 for the respective annual rentals."

"In line with this schedule of payments, the rental for the year 1934 would have been payable from the General Maintenance appropriation for the fiscal year 1934-1935 which was in the original sum of $325,000.00. This appropriation was supplemented from unused balances in other maintenance appropriations of the same year to the extent of approximately $100,000.00. Out of this aggregate the sum of $22,998.50 finally lapsed."

Statutory authority for the lease of this land by the Prison System is to be found in Article 6166-o, Vernon's Annotated Civil Statutes, as amended, 1927, which reads in part:

". . . and it (the Board) may lease any real estate for agricultural or grazing purposes . . . upon such terms as may deem advantageous to the interests of the prison system."

As shown from the above quotation from the Comptroller's letter, there was an ample appropriation out of which the 1934 rental might have been paid--both when the oral contract for lease was entered into and when the rental became due. There was then a "pre-existing law" to support the payment of this rental which would satisfy the requirement of Article III, Section 44 of the Texas Constitution. Austin National Bank v. Sheppard, 71 S. W. (2d) 242; National Biscuit Co. v. State, 135 S. W. (2d) 687.

It is true that the appropriation to the Texas Prison System for the fiscal year 1934-1935, out of which this rental might have been paid, lapsed by 1937. But the claim of the landowner against the Prison System still remains a valid obligation. It is such a claim "as would form the basis of a judgment against the State in a court of competent jurisdiction in the event it should permit itself to be sued." Austin National Bank v. Sheppard, supra; Nichols v. State, 32 S. W. 452. By making an appropriation to pay this liquidated claim, the Legislature would thereby be waiving

any plea of limitations to the claim. This the Legislature has the constitutional power to do. As stated by Stayton, J., in County of Caldwell v. Crockett, 68 Tex. 321, 4 S. W. 607 at p. 610:

> ". . . we see no reason to doubt the power of the legislature, over one of the municipal subdivisions of the state, to require the payment of any just debt after the lapse of such time as would bar it by limitation."

To the same effect is the holding of the Commission of Appeals in Limestone County v. Robbins, 120 Tex. 341, 38 S. W. (2d) 580, wherein the court said:

> "A county is a political subdivision of the state. The privilege possessed by a county to set up the statutes of limitation as a defense against a just debt emanates from the Legislature and is subject to the legislative will. The statutes of limitation bar the holder of the debt from access to the courts, but the debt is not extinguished. The removal of the bar does not impose a new debt against the county, or involve the bestowal of a gratuity on the debt holder, but simply opens the way for the enforcement of the county's moral obligation to pay the old debt."

The situation here presented differs from that before the court in Fort Worth Cavalry Club, Inc., v. Sheppard, 83 S. W. (2d) 660, in that here the Texas Prison System had statutory authority to enter into the rental agreement and there was at that time an available appropriation out of which it might have been paid; whereas in the Cavalry Club case the Adjutant General had no authority to enter into the contract there involved nor was there an available appropriation out of which they might have been paid.

It is, therefore, our opinion that the Legislature may constitutionally make an appropriation to pay the John

Honorable O. J. S. Ellingson, Page 4

S. Sutton Estate the rental on the land owned by it and farmed by the Texas Prison System in 1934, under the circumstances as described above.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 31, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By      Walter R. Koch
            Assistant.

RRK:LM.

